421 A.2d 851

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert McDERMOTT.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed Sept. 19, 1980.

Petition for Allowance of Appeal Denied July 16, 1981.

Neil Kitrosser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

George E. Goldstein, Philadelphia, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

This is a Commonwealth appeal from an order of the Court of Common Pleas of Philadelphia County granting appellee's motion to dismiss pursuant to Pa.R.Cr.P. 1100. The procedural history and facts relevant to the issue on appeal are as follows:

Appellee was charged with attempted rape, indecent assault, aggravated assault and simple assault. The alleged crimes took place on February 11, 1978, late in the evening. The investigating officer obtained a warrant for appellee's arrest on February 13, 1978. The officer attempted to execute the warrant from that date until the end of March, 1978 by visiting areas known to be frequented by the appellee. Prior to his entering the hospital, the officer informed the 25th and 26th police districts of the warrant and distributed several photographs of appellee obtained from the police photo lab. The warrant was filed in the East Detective Division, and the information therein was placed in the N.C.I.C. computer on March 22, 1978.

Another officer ascertained the appellee's address to be 3234 Hartfield Street, but upon investigation, appellee's wife informed him that she did not know her husband's whereabouts. This officer also investigated several of appellee's known hangouts, and checked with his employer, Father McGowan. None of these attempts proved successful in locating appellee. Finally, on October 21, 1978, an officer observed appellee sitting on his front porch and arrested him.

However, during the time in question, appellee was arrested twice by the same detective division which had secured the warrant. First, on June 14, 1978, Detective Sippel of East Detective Division was investigating a spouse abuse case at Episcopal Hospital involving appellee's spouse. Appellee was present in an intoxicated and drugged state. Sippel questioned him, then transported him to East Detective Division. Sippel placed appellee's name into the N.C. I.C. police computer, which indicated no outstanding warrants for him. Appellee was then returned to the hospital due to his condition, where he was later discharged.

On July 24, 1979, Officer Hawthorne was ordered to proceed to the Hartfield Street address to arrest appellee due to the fact that he had allegedly given refuge to escaped prisoners. The information had been received from the State Police. Officer Hawthorne ran a computer check which did not disclose an outstanding warrant for appellee. Appellee was later released.

On January 25, 1979, appellee filed a motion to dismiss pursuant to Pa.R.Crim.P. 1100. After hearing testimony on January 30, February 9 and March 13, 1979, the trial court granted appellee's motion finding a lack of due diligence on the part of the police in locating appellee.

Appellant contends the trial court erred in finding a lack of due diligence because of the computer errors on two occasions.

Pa.R.Crim.P. 1100(a)(2) provides:

"Trial in a court case in which a written complaint is filed against the defendant ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

Thus, the mandatory period commenced running on February 13, 1978 and would end on August 12, 1978.

However Pa.R.Crim.P. 1100(d)(1) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

> (1) the unavailability of the defendant or his attorney
> . . ."

The comment to Rule 1100, quoted with approval in *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977) provides, in part:

> "For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence
> . . . ."

Appellant maintains that appellee was unavailable from February 13, 1978 until October 21, 1978, when he was arrested. Thus, the question in this case is whether the Commonwealth proved by a preponderance of the evidence that it acted with due diligence in locating and apprehending appellant. *Commonwealth v. Mitchell*, supra. In approving police procedures as employed in the instant case, our Supreme Court stated in *Commonwealth v. Mitchell*, supra:

> "It is not the function of our courts to second–guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful." (472 Pa. at 566)

Furthermore, in *Commonwealth v. Jones*, 256 Pa.Super. 366, 389 A.2d 1167 (1978), we held that the Commonwealth is not required to exhaust every conceivable method of locating a defendant. Reasonable steps must be taken. In *Jones*, the appellant also attempted to prove his availability by introducing evidence that he was apprehended in the same area during the time period in question. Based upon our holding in *Jones*, supra, we therefore find that the police exercised due diligence in apprehending the appellee.

Accordingly, the order of the trial court is reversed, and the case is remanded for trial.